## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SERENITY POINT RECOVERY, INC., A FOREVER RECOVERY, BEHAVIORAL REHABILITATION SERVICES, BEST DRUG REHABILITATION, | Case No. 1:19-cv-00620<br><br>Hon. Janet T. Neff |
|      Plaintiffs, | |
| v. | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | |
|     Defendant. | |

### PROTECTIVE ORDER AS TO ALL CONFIDENTIAL INFORMATION

The Court recognizes that at least some of the documents and information ("materials") being sought by parties in the above-captioned action are, for competitive or other reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action pursuant to Fed. R. Civ. P. 26(c).

The materials to be exchanged throughout the course of the litigation between the parties may contain confidential research, technical, cost, price, marketing, or other commercial information, as well as information protected by the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d et seq. and implemented at 45 C.F.R. §§ 160 and 164, and state privacy statutes, as is contemplated by Fed. R. Civ. P. 26(c), and 45 CFR § 162.512(e)(1)(v).

Information exchanged by the parties may also contain Protected Health Information (PHI) as defined by 45 C.F.R. §§ 160.103 and 164.501. In accordance with HIPAA, and as is contemplated by 45 CFR § 162.512(e)(1)(v), this Protective Order specifically prevents any receiving party from using or disclosing PHI for any purpose other than prosecuting, defending or

settling the claims in this litigation. *See* 45 C.F.R. § 164.512(e)(1)(v)(A). The parties have established good cause for a qualified protective order.

The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. **THEREFORE**:

### DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be "CONFIDENTIAL" by any party to which it belongs.

2. "Producing Party" shall mean a party or non-party on whose behalf the Discovery Material is produced, furnished, or disclosed, during the course of this action, in response to requests for production of documents, interrogatories, requests for admission, depositions, subpoena, or any other requests for discovery pursuant to the Federal Rules of Civil Procedure.

3. "Receiving Party" shall mean any party or non-party to whom Discovery Material is produced, furnished, or disclosed, whether voluntarily or in response to a formal or informal discovery request, subpoena, deposition notice, or court order, by any Producing Party in this action;

4. "Designating Party" means any party or non-party that opts to designate any Discovery Material or portion thereof as "CONFIDENTIAL" pursuant to this Order.

5. The terms "Materials" or "Discovery Material" will include all manner of documents, records, and data. .

6.    The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed by counsel of record for the parties herein, and in-house counsel for the parties.

7.    The term "CONFIDENTIAL" will mean sensitive, confidential, proprietary information, or non-public personal information (*e.g*., social security numbers) that has not been made public by the Designating Party and that the Designating Party reasonably and in good faith believes contains or comprises (i) trade secrets, (ii) proprietary or otherwise sensitive non-public business information,  (iii) information implicating an individual's legitimate expectation of privacy, or (iv) "protected health information" as defined in 45 C.F.R. §§ 160.103 and 164.501.

## GENERAL RULES

8.    Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL consistent with the above definitions.

9.    Protected Health Information:

   a.    All parties and counsel in this action (including all plaintiffs' counsel, regardless of the particular individual(s) they represent) are authorized to receive, subpoena, and transmit protected health information to the extent and subject to the conditions set forth herein.

   b.    All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information in this action to the extent and subject to the conditions set forth herein.

   c.    Nothing in this Order authorizes counsel to obtain medical records or protected health information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes.

3

    d.    This Order does not control or limit the use of protected health information that comes into possession of any party or any party's counsel from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

10.    In the event the Producing Party elects to produce materials for inspection, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL" and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the Producing Party must, within a reasonable time prior to producing those materials to the Receiving Party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

11.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a.    The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until 14 days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL"; Depositions shall be treated as "CONFIDENTIAL" during the 14-day period following receipt of the transcript.

    b.    The disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraphs 14 and 15 below; and

    c.    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

12.    All Confidential Information designated as "CONFIDENTIAL" must not be disclosed by the Receiving Party to anyone other than those persons designated within this order and must be

handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

13.     Access to any "CONFIDENTIAL" Discovery Material shall be limited to:

    a.      the Court and its staff;

    b.      counsel of record and in-house counsel for parties to this action and their associates, contract and staff attorneys, paralegals, and regularly employed office staff;

    c.      outside vendors;

    d.      persons shown on the face of the Discovery Material to have authored or received it or a custodian or other person who otherwise possessed or knew the information;

    e.      court reporters retained to transcribe testimony;

    f.      the Parties, including directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action;

    g.      any witness at a deposition or trial, including current or former employees of any Defendant, provided that any non-party witness and their counsel shall receive a copy of this Protective Order;

    h.      outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a Party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action, provided that such person shall receive a copy of this Protective Order and execute a "Written Assurance" in the form attached as Exhibit A before reviewing the confidential information;

    i.      any mediator appointed by the Court or mutually-agreed upon by the parties, provided that such individual shall receive a copy of this Protective Order and the witness shall execute a "Written Assurance" in the form attached as Exhibit A before reviewing the confidential information;

    j.      other persons upon further order of the Court or written consent of the Parties.

14.     Third parties producing documents in the course of this action may also designate documents as "CONFIDENTIAL" subject to the same protections and constraints as the parties to

this action.  A copy of the Protective Order will be served along with any subpoena served in connection with the Action.

15.    All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

16.    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents that are designated as "CONFIDENTIAL" are filed with the Court for any purpose, any party will provide all counsel of record for the designating party written notice by email of the designated material it intends to file or quote in a filing at least three business days prior to such filing. No later than the end of the following business day after the date the written notice was received, the Designating Party will inform the party seeking to file or quote such designated material whether it agrees that such designated material may be filed publicly in full or in a redacted form. Absent such agreement by the designating party, however, the party seeking to file such material must seek permission of the Court to file the material under seal.

17.    A party intending to present another party's or a non-party's Discovery Materials designated as "CONFIDENTIAL" at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

18.    At any stage of these proceedings, any party may object to a designation of the materials as "CONFIDENTIAL". The party objecting to the designation must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute

is not resolved consensually between the parties within seven days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as "CONFIDENTIAL", as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

19.     All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

20.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

21.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the

designating party in writing of each such disclosure. Any party who inadvertently fails to identify documents as "CONFIDENTIAL" will, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents will retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, will return or destroy the improperly-designated documents

22.      Nothing within this order will prejudice the right of any party to object to the production of any Discovery Material on the grounds that the material is protected as privileged or as attorney work product.

23.      Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

24.      This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

25.      Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

26.      The obligations imposed by the Protective Order will survive the final termination of the action. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from

all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

27.     The restrictions and obligations set forth within this order will not apply to any information that:

    (a) the parties agree should not be designated Confidential Information;

    (b) the parties agree, or the Court rules, is already public knowledge;

    (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

    (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

28.     The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

29.     Transmission by email is acceptable for all notification purposes within this order.

30.     This Protective Order shall be considered a Qualified Protective Order complying with 45 C.F.R. § 164.512(e)(1)(v)(A) and (B) and authorizing disclosure of Protected Health Information pursuant to 45 C.F.R. § 164.512(e)(1)(iv)(A). Notwithstanding state or federal law limiting a Producing Party's authority to disclose protected health information, the Producing Party is permitted to release protected health information in its possession in response to a discovery

request, provided that such a request otherwise complies with the requirements of the Federal Rules of Civil Procedure. The parties may not use or disclose Confidential Health Information in this action for any purpose in any other action. Confidential Health Information shall be subject to all other provisions of this Protective Order.

31.     This Order may be modified by agreement of the parties, subject to approval by the Court.

32.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

      **IT IS SO ORDERED** this 16th day of December 2019.


       /s/ Sally J. Berens
      _____
      Sally J. Berens
      United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

SERENITY POINT RECOVERY, INC., A FOREVER RECOVERY, BEHAVIORAL REHABILITATION SERVICES, BEST DRUG REHABILITATION,

      Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

      Defendant.

Case No. 1:19-cv-00620

Hon. Janet T. Neff

## **DECLARATION**

I, _____, declare and say that:

1.      I am employed as _____by _____

_____.

2.      I have read the Protective Order entered in Serenity Point Recovery, Inc., *et al.* v. Blue Cross Blue Shield of Michigan, Case No. 1:19-CV-620, and have received a copy of the Protective Order.

3.      I promise that I will use any and all "CONFIDENTIAL" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.      I promise that I will not disclose or discuss such "CONFIDENTIAL" information with anyone other than the persons described in paragraphs 14 and 15 of the Protective Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Western District of Michigan with respect to enforcement of the Protective Order.

6.      I understand that any disclosure or use of "CONFIDENTIAL" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

11

Date: _____

_____
Signature

Print Name: